

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. L. Edwards
County Attorney
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. 0-4150
Re: Payment of county attorneys
who act as district attorneys.

Your letter of October 14, 1941, requesting the opinion of this department reads in part as follows:

"This letter is written in connection with your Opinion No. 0-3773, addressed to the Hon. Geo. H. Sheppard. In that opinion, the department held that Mr. Martin could not draw his salary as District Attorney during his absence, and that there was no available appropriation for the payment of District Attorneys pro-tem. We are in accord with your opinion on those questions.

"I now ask you to consider this question from the standpoint of County Attorneys, who act in the absence of the District Attorney under Article 26 (CCP) as Amended, which reads as follows:

"'Art. 26. The county attorneys shall attend the terms of all courts in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone, or when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court, and in such cases he shall receive all or one-half of the fees allowed by law to district attorneys, according as

he acted alone or jointly. In such cases
he shall receive all or one-half of the
fees allowed by law to the district attor-
ney whose duties he performs, or assists
in performing, but shall receive no part
of the constitutional salary allowed to
such district attorney, according as he
acted alone or jointly; provided that fees
collected by the county attorney from the
State for such services shall be deducted
by the Comptroller of Public Accounts from
the fees which otherwise would have been
paid to the district attorney had he repre-
sented the State alone; provided further
this article shall not be construed as in-
hibiting any county attorney from voluntarily,
with the consent of the district attorney,
assisting the district attorney in the per-
formance of his respective duties, without
compensation. (As amended Acts 1933, 43rd.
Leg., p. 177, ch. 83.)'

"The question thus presented as I see it is
the construction of the word "fees" as to its
synonymy with the words "salary" or "pay", in this
particular instance.

"It is my contention that the word "fees" in
this Statute should be construed with reference
to the purpose of the Statute, which in this in-
stance was undoubtedly to provide compensation
for County Attorneys, who act in the absence of
District Attorneys, at the same rate of pay as
District Attorneys, and out of the fund set aside
for the District Attorney. The Legislature un-
doubtedly contemplated that at times for some
reason the District Attorney would be unable to
act or would need assistance, and for that reason
made provision for the compensation of the County
Attorney. Any other construction leaves the Statute
without meaning.

"It is my contention that the Statute, Art. 26
aforesaid, can be construed in no other way than
that the word "fees" should be used interchangeably
with the words "pay" or "salary", or any other words
denoting compensation.

Honorable W. L. Edwards, Page 3

"It appears to me that the Legislature intended that the County Attorneys should be paid out of the salary fund of the District Attorney, and that the use of the word "fees", instead of the word "salary" was simply an oversight. To substantiate this statement, I call your attention to the history of the various articles involved. Article 26 was evidently written at a time when District Attorneys were on a fee basis. The original statute was the section which is above underlined. The 40th Legislature in 1927 amended Article 1021 C.C.P., which provides for the payment of District Attorneys. Of course, Article 1021, had the effect of taking the District Attorney off the fee basis and placing him on a per diem basis. The 43rd. Legislature in 1933, <u>after</u> the passage of Article 1021, and its amendment, amended Article 26. The amended part being that portion which is not underlined above. I believe it to be the legal presumption that the Legislature took cognizance of the existing laws at the time it made this amendment. If this is correct, the Legislature then passed their amendment knowing that District Attorneys were no longer on a fee basis, but were on a per diem basis. Therefore, the intent of the Legislature was evidently to reach any funds held by the Comptroller to pay District Attorneys for the purpose of paying County Attorneys who act in their stead. Of course, Article 3886f (R.C.S.) is now the existing statute with reference to payment of District Attorneys. The above is cited for the purpose of showing that the Legislature did not intend that the word "fees" should be used in a restricted sense. As above stated, any other construction leaves Article 26, <u>as amended</u>, wholly valueless and meaningless.

"I do not believe the Vogss case, 67 S.W. (2d) 856, covers the situation. In the first place, that proceeding was evidently brought to recover fees as provided by Article 1025 C. C. P. In the second place the Court in disposing of the case cites Article 26 as it existed before its amendment. The court held that the County Attorney could not recover fees provided by Article 1025 for the reason that the District Attorney was not on a fee basis but was paid under Article 1021 on a per diem basis.

Honorable W. L. Edwards, Page 4

"By the amendment to Article 26, passed
after the per diem law, I believe the Legislature
clearly indicated its intention that the County
Attorney should be paid out of the fund or money
set aside for the purpose of paying the District
Attorney had he acted.

"Manifestly, if this intention is clearly
indicated, a strained or technical construction
of a mere word should not be allowed to defeat
it, especially when such construction would be
inequitable.

"I further call your attention to the lang-
uage of Section 2, of Art. 3886f R. C. S., the
present salary law. This statute specifically
reappropriates all monies heretofore appropriated
by the Legislature to pay fees, salaries, and
per diem accounts of the officers named.

"In view of the fact that the County Attorneys
of Victoria, Calhoun, Refugio and Jackson Counties
are affected, I ask that you give this matter your
most careful consideration."

Article 31, Code of Criminal Procedure, provides:

"Whenever any district or county attorney
fails to attend any term of the district, county
or justices courts, the judge of said courts
or such justice may appoint some competent attorney
to perform the duties of such district or county
attorney, who shall be allowed the same compensa-
tion for his services as is allowed the district
attorney or county attorney. Said appointment
shall not extend beyond the term of the court at
which it is made, and shall be vacated upon the
appearance of the district or county attorney."

As we understand your request you desire the opinion
of this department with reference to the amount of compensation,
if any, a county attorney is entitled when the county attorney
acts in the absence of the district attorney under Article 26,
Code of Criminal Procedure.

We think that Article 26 and Article 31, supra, must be

construed together, and when so construed, it is clear that the Legislature has made it the duty, and it is likewise the right, of the county attorney to represent the State in the district courts in the absence of the district attorney. In the absence of the district attorney, the duty and the authority to represent the State in the district court is conferred by the statutes upon the county attorney. It is not contemplated nor is it necessary, that the court should designate the county attorney as district attorney pro tem. It is only when the district attorney and the county attorney are absent that the court is authorized to appoint a district attorney pro tem. In a letter opinion addressed to Honorable Cullen D. Vance, County Attorney, Edna, Texas, on February 12, 1935, this department ruled that a district judge is without authority to appoint an attorney pro tem to represent the State when either the district attorney or the county attorney is present.

When the county attorney acts in the absence of the district attorney he must receive his compensation for said services under the provisions of Article 26, rather than under the provisions of Article 31. The right of the county attorney in such instance to compensation under Article 26 depends upon whether fees are allowed to the district attorney of the district for the services performed, in the absence of the district attorney, by the county attorney. Since January 1, 1936, the district attorneys in all judicial districts of this State have been compensated by the payment of an annual salary in 12 equal monthly installments, rather than by the allowance of fees. (Article 3886f, Vernon's Annotated Civil Statutes) "This compensation does not depend on the number of cases tried, or the result achieved, and excludes all other compensation except his annual salary." (Voges v. Sheppard, Comm. App. of Tex. Section A, opinion adopted by the Supreme Court, 67 S.W. (2nd) 856.) Since district attorneys are no longer compensated on the fee basis, but by the payment of an annual salary, and the Legislature has made no provision for compensating the county attorney who acts in the absence of the district attorney by appropriation to him a part of the salary to be paid to the district attorney, it follows that the county attorney who acts in the absence of the district attorney is not entitled to compensation for the services thus rendered.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 31, 1941

ASSISTANT
ATTORNEY GENERAL

AW:nw

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVE
OPINION
COMMITTE
BY _____
CHAIRMAN